# United States Court of Federal Claims

No. 06-914 L
December 6, 2011

| | |
|---|---|
| **Northwestern Band of Shoshone,** | Jurisdiction; 28 U.S.C. § 1500; |
| *Plaintiff*, | Indian Trust; Operative facts |
| v. | |
| **United States of America,** | |
| *Defendant.* | |

*Brian J. Leinbach*, Engstrom, Lipscomb & Lack, Los Angeles, CA, for plaintiff.

*Joshua A. Doan*, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

**Block,** *Judge.*

  Before the court is defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), Rules Court of Federal Claims ("RCFC"). This case is a companion of the recently decided case of *Lower Brule Sioux Tribe v. United States*, No. 06-922 (Dec. 1, 2011), in that both contain similar facts and implicate the same jurisdictional statute, 28 U.S.C. § 1500. Indeed, both cases revolve around the resolution of the same question—whether a prior suit in another court precludes under § 1500 an action filed in the Court of Federal Claims. And in both cases the court must apply the recent Supreme Court case construing § 1500, *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011). There, the Supreme Court held that two suits, even those seeking dissimilar relief, are prohibited by § 1500 if the Court of Federal Claims case shares the same "operative facts" as the prior case brought in a different forum . *Id.* at 1731.

  To be sure, the jurisdictional problem resulting from the similarity or overlap of the "operative facts" of a prior district court action with that of the Court of Federal Claims case is the very issue raised in *Lower Brule* and the very issue facing the court here. Upon a comparison of the facts of the two cases in *Lower Brule*, the court found them to be materially the same and therefore dismissed the later filed Court of Federal Claims case for lack of jurisdiction. Similarly, because plaintiff's earlier filed district court case shares the same operative facts as the present Court of Federal Claims action, the court must grant defendant's motion to dismiss for lack of jurisdiction.

In *Lower Brule*, the Court of Federal Claims applied § 1500 to an Indian trust case in light of the Supreme Court's decision in *Tohono O'Odham*, which held that two suits are "for or in respect to" the same claim if they share substantially the same operative facts. 131 S. Ct. at 1731. The plaintiff in *Lower Brule* had filed a complaint in the United States District Court for the District of Columbia prior to filing in this court. *Lower Brule*, No. 06-922, slip. op. at 2. Whereas the plaintiff sought equitable relief in the district court alleging a breach of trust consisting of failure to provide a proper accounting, the plaintiff sought monetary relief in the Court of Federal Claims alleging a breach trust consisting of mismanagement of trust assets. *Id.* at 2, 5. Despite the differing relief and legal theories, the Court of Federal Claims determined that the two suits shared the same operative facts, thus precluding that court's jurisdiction. *Id.* at 5-7.

As suggested above, this case presents the same legal and factual issues as *Lower Brule*. Plaintiff seeks monetary relief in this court for trust mismanagement after commencing a suit seeking equitable relief in the United States District Court for the District of Columbia for failure to provide an accounting. (Compl. ¶¶ 1, 19-22; Def.'s Mot. to Dismiss, Ex. A, ¶¶ 1, 27-39). Once again, the different forms of relief and legal theories notwithstanding, the two suits share the same operative facts.

In fact, the complaints here share *every* operative fact that this court identified in *Lower Brule*. Here, plaintiff, like the plaintiff in *Lower Brule*, alleges in both the district court complaint and the Court of Federal Claims complaint that the United States holds monies, land, and natural resources held in trust for plaintiff, (Compl. ¶¶ 6-15; Def.'s Mot. to Dismiss, Ex. A ¶ 8), and that defendant's duties include

- ensuring tribal trust property and funds are protected, preserved, and managed to produce the highest and best use of those assets (Compl. ¶ 16; Def.'s Mot. to Dismiss, Ex. A ¶ 15);
- collecting trust funds rightly owed to plaintiff (Compl. ¶ 18; Def's Mot. to Dismiss, Ex. A ¶ 16);
- creating trust accounts to hold these funds (Compl. ¶ 18; Def.'s Mot to Dismiss, Ex. A ¶ 16);
- ensuring that monies owed or paid for the loss or use of tribal lands and trust resources are placed into those accounts (Compl. ¶ 18; Def.'s Mot. to Dismiss, Ex. A ¶ 16);
- maintaining adequate systems and controls to guard against dishonesty or errors (Compl. ¶ 18; Def.'s Mot. to Dismiss ¶ 16);
- refraining from self-dealing (Compl. ¶ 18; Def.'s Mot. to Dismiss, Ex. A ¶ 16);
- consulting with plaintiff regarding management of trust property (Compl. ¶ 18; Def.'s Mot. to Dismiss, Ex. A ¶ 16);
- maintaining adequate, regular, and accurate records of accounting (Compl. ¶ 18; Def.'s Mot. to Dismiss, Ex. A ¶ 16);
- providing regular and accurate accounting to plaintiff (Compl. ¶ 18; Def.'s Mot. to Dismiss, Ex. A ¶ 16).

Moreover, like the plaintiff in *Lower Brule*, plaintiff alleges in both the district court complaint and the Court of Federal Claims complaint that defendant has failed to provide plaintiff with accurate accounting. (Compl. ¶ 21; Def.'s Mot. to Dismiss, Ex. A ¶ 18). Indeed,

plaintiff alleges in the Court of Federal Claims complaint that the very purpose of the district court suit is to obtain information necessary to ascertain the damages sought before this court. (Compl. ¶ 29). In short, as in *Lower Brule*, plaintiff's district court complaint and Court of Federal Claims complaint share the same operative facts. *See Lower Brule*, No. 06-922, slip. op. at 5-7.

Thus, for the reasons explained in *Lower Brule*, the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. Defendant's motion to dismiss is therefore GRANTED. The Clerk is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Lawrence J. Block*
Lawrence J. Block
Judge